# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

EDWIN W. WILLIAMS,      )
                       )
      Movant,          )
                       )
v.                       )      Case No. CV416-166
                       )                 CR403-253
UNITED STATES OF AMERICA,  )
                       )
      Respondent.     )

## REPORT AND RECOMMENDATION

Having pled guilty to, and been sentenced for, six counts of commercial business robbery, (doc. 4 (plea agreement)[1], doc. 5 (judgment)), Edwin Williams moves under 28 U.S.C. § 2255 for resentencing absent a career offender sentencing enhancement. Doc. 17. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

Williams' Presentence Investigation Report (PSR) deemed him a career offender under U.S.S.G. § 4B1.1 based on prior convictions for robbery with a handgun, possession of cocaine for sale, and conspiracy to

---

[1]  All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

sell marijuana. PSR ¶ 74. After adopting the PSR, the Court sentenced him at the top of the Guidelines range to 262 months' imprisonment. Doc. 5 (entered February 6, 2004). Because he never appealed, Williams' conviction became final on February 20, 2004. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Williams filed the instant § 2255 motion more than *twelve* years later. Doc. 17 at 12 (filed June 23, 2016). He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), eliminates his prior convictions as predicates for his 4B1.1 enhancement, and thus that he no longer qualifies as a career offender. Doc. 17 at 4. He premises his motion's timeliness on *Johnson* retroactively applying to his case. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent

felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557. Importantly, it said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense").

The Sentencing Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that *Johnson* found unconstitutional. U.S.S.G. § 4B1.2(a)(2). If (1) *Johnson*'s animating logic applies to the Guidelines, and (2) two of Williams' predicate convictions qualify as "crimes of violence" under § 4B1.1's residual clause,[2] his career offender enhancement is unconstitutional.

At least in this circuit, *Johnson* does not apply to the Guidelines.

---

[2]   Unlike ACCA, which requires three predicates, § 4B1.1 asks only for two. Williams' career offender enhancement rested on three predicates, PSR ¶ 74, so it would take the elimination of two for *Johnson* to do him any good here.

By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.

The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).

'Because there is no constitutional right to sentencing guidelines— or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the

4

> Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

*United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re: Marvin Griffin*, ___ F.3d ___, 2016 WL 3002293 at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague).

Even if *Johnson* applied to the Guidelines, Williams' § 4B1.1 enhancement remains valid because two of his three predicates were controlled substance offenses, not crimes of violence. *See* PSR ¶ 74. Recall that *Johnson* says nothing about the viability of "serious drug offense"[3] predicates. *See* 135 S. Ct. at 2563. The phrase "controlled substance offense" in § 4B1.2 (which defines terms used in § 4B1.1) covers similar ground as that ACCA phrase.[4] And just as *Johnson*'s logic

---

[3] Under ACCA, "serious drug offense" means, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

[4] Indeed, the only salient difference between "serious drug offense" and "controlled substance offense," is that the latter only requires that a prior state conviction be for a crime that carried a maximum possible sentence greater than one year, *see* § 4B1.2(b), while the former sets the bar at ten years. 18 U.S.C. 924(e)(2)(A)(ii).

failed to implicate drug offenses in the ACCA context, so too does it not apply to "controlled substance offenses" for Guidelines purposes.

It follows that Williams cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (February 20, 2004). It ran out on February 21, 2005 (he never appealed or sought post-conviction relief before now), so his motion is untimely by over *eleven* years.[5]

Accordingly, Williams' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it

---

[5] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Williams invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

enters a final order adverse to the applicant.") (emphasis added). Any

motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED** this __29th__ day of

June, 2016.

_____

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA